UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY JAMES CRIBBS, II,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 1:23-CV-339

HON. ROBERT J. JONKER

## OPINION AND ORDER

This matter is before the Court on Movant Corey James Cribbs' motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, as amended. (ECF Nos. 1, 4). The government has responded in opposition to the motion (ECF No. 16). The Court determines that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING 2255 PROCEEDINGS; see also *Arredondo v. United States*, 178 F.3d 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the movant is not entitled to relief). For the following reasons, the Court denies the Section 2255 motion.

### BACKGROUND

In February 2018, investigators received a tip from a confidential source that Mr. Cribbs was dealing narcotics and would soon be making a trip to Alburquerque, New Mexico to obtain more drugs. On February 27, 2018, investigators pinged Mr. Cribbs' cellphone and discovered that he was in Missouri and moving south towards New Mexico. Further monitoring over the next few days confirmed that Mr. Cribbs had traveled to Alburquerque.

Investigators performed physical surveillance of Mr. Cribbs' vehicle—a Chevy Camaro—on the return trip. Mr. Cribbs was seen traveling with another vehicle—a Mercury Milan—and

investigators further observed Mr. Cribbs conducting counter surveillance by pulling off to the side of the road on occasion to ascertain whether he was being followed and then speed off to catch up to the Milan.  When Cribbs reached Michigan, officers performed a traffic stop of both the Camaro and Milan.  A canine alerted to the presence of drugs in the Milan.   The occupants of the vehicles, including Mr. Cribbs, were arrested and transported to the local jail.   The driver of the Milan eventually told investigators that Mr. Cribbs had placed the drugs in her car and controlled her movements back to Michigan.  Subsequent testing of the substances found in the Milan confirmed the presence of over fifteen pounds of ninety-nine percent pure methamphetamine.

A grand jury charged Mr. Cribbs in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count One); and Possession with Intent to Distribute Methamphetamine (Count Two).  (ECF No. 47).  Thereafter, Mr. Cribbs entered into a written plea agreement with the government to plead guilty to Count One.   In exchange, the government promised, *inter alia*, to move to dismiss Count Two at sentencing; to file an Amended Section 851 Notice alleging only one prior conviction for a felony drug offense;[1] and not to oppose Mr. Cribbs' request for reduction in his offense level for acceptance of responsibility.  Mr. Cribbs made additional promises too, including his agreement to waive all his rights to appeal or collaterally attack his conviction and sentence save for five enumerated exceptions.  Defendant specifically reserved the right to argue on appeal that: (1) his sentence exceeded the statutory maximum for Count One; (2) his sentence was based on an unconstitutional factor; (3) his guilty plea was involuntary or unknowing; (4) his trial attorney provided ineffective assistance of

---

[1] At the time, the Section 851 Notice listed two predicate convictions, which meant Mr. Cribbs faced a mandatory life sentence if convicted. Ultimately the government withdrew the entirety of the Section 851 notice because the prior offenses no longer qualified as predicate offenses following the enactment of the First Step Act. (ECF No. 175). This brought Mr. Cribbs' statutory minimum down to ten years imprisonment. As discussed below, however, his guidelines were much higher.

counsel; and (5) and that the Court erred in ruling on his objections to the guideline range at sentencing.

On August 8, 2018, Mr. Cribbs appeared before Magistrate Judge Green and pled guilty to Count One of the Superseding Indictment. The Magistrate Judge subsequently issued a Report and Recommendation that the Court accept the guilty plea. There were no objections, and on August 28, 2018, the Court accepted Mr. Cribbs' guilty plea.

The final presentence report calculated an initial base offense level of 38 based on 6.926 kilograms of methamphetamine. (PSR ¶ 38). Three enhancements were then applied to the base offense level: two levels for possession of a firearm (PSR ¶ 58); two levels for an aggravating role (PSR ¶ 59); and four levels for an organizer or leader (PSR ¶ 61). Mr. Cribbs was further found to be a career offender; however the Chapter 2 guidelines drove the offense level. (PSR ¶ 64). The probation officer further recommended the Court not award a reduction in offense level for acceptance of responsibility. The resulting offense level was 46—three levels beyond the highest on the chart. His offense level, therefore, was determined to be 43. (PSR ¶ 46). Because Mr. Cribbs was a career offender, his Criminal History Category was level VI. The guideline range as determined by the probation officer was life. (PSR ¶ 131).

Before sentencing, Mr. Cribbs (through counsel) filed a motion to withdraw his plea agreement or, in the alternative, to withdraw his plea. The basis of the motion was that at the time that Cribbs had entered his plea, he was under the impression that the government would agree to remove an unspecified enhancement. The Court addressed the motion at sentencing. Counsel for Mr. Cribbs indicated that the withdrawal motion was, in part, premised on the Section 851 Notice (which the Government had withdrawn in its entirety before the motion was filed), but that it was also based on additional, unspecified enhancements. Nevertheless, counsel represented that he had discussed the matter with Mr. Cribbs, and that Mr. Cribbs was prepared to go forward with

sentencing and no longer sought to withdraw the plea.  Mr. Cribbs responded in the affirmative when asked by the Court whether this was his understanding as well.  (Crim. ECF No. 231, PageID.1729-1730).[2]

Mr. Cribbs proceeded at sentencing by objecting to the three sentencing enhancements and to the denial of acceptance of responsibility.  The Court sustained the defense objections to the denial of acceptance of responsibility, and to the enhancement for possession of a dangerous weapon.  The Court overruled the other objections.  The Court determined that the revised guideline range was 360 months to life (LO 41, CHC VI).  The Court then granted a defense request for a downward variance and imposed a sentence of 300 months imprisonment, followed by ten years of supervised release.  Judgment entered on March 12, 2019.  (ECF No. 193).

Mr. Cribbs did not immediately appeal.  Counsel avers that immediately following sentencing, he sent Mr. Cribbs a letter asking Mr. Cribbs to inform him immediately if Mr. Cribbs wished to file an appeal.  Sappanos Aff. ¶ 6, ECF No. 13, PageID.103.  The criminal docket reflects that no timely notice of appeal was filed.  The first entries on that docket following Judgment are two letters that Mr. Cribbs sent to the Court well after the appeal period had run.  The second letter, docketed on September 16, 2019 (six months after Judgment had entered) requested the appointment of appellate counsel.  The Clerk's Office docketed the letter as a motion to appoint counsel (ECF No. 225), and in a non-docket entry also construed the motion as a pro se notice of appeal of Defendant's Judgment.

The Sixth Circuit Court of Appeals considered the non-docket entry as a notice of appeal.  The Court of Appeals initially dismissed the appeal (Crim. ECF No. 242) but later granted Mr.

---

[2] "Crim ECF" refers to the record in Mr. Cribbs' criminal case, *United States v. Cribbs*, No. 1:18-cr-60 (W.D. Mich.).  The criminal case was assigned to the Honorable Judge Quist.  The matter was reassigned to the undersigned on February 2, 2023, under the terms of Administrative Order 22-CA-116.

Cribbs' motion to reinstate the appeal. (Crim. ECF No. 252). On March 10, 2021, the Sixth Circuit Court of Appeals appointed counsel to represent Mr. Cribbs on his direct appeal and issued a briefing schedule. *United States v. Cribbs*, Case No. 19-2078 (6th Cir. Mar. 10, 2021). On December 22, 2021, counsel for Mr. Cribbs filed an *Anders* brief and a motion to withdraw. Mr. Cribbs subsequently filed a pro se brief containing additional arguments relating to his two guideline objections that were overruled at sentencing. On April 21, 2022, the Sixth Circuit granted counsel's motion to withdraw and affirmed the Court's judgment. *United States v. Cribbs*, Case No. 19-2078 (6th Cir. Apr. 21, 2022). In particular, the Court of Appeals determined that there was no non-frivolous issue that could be raised in connection with Mr. Cribbs' guilty plea. The Court of Appeals also determined that the waiver contained in the plea agreement was valid, and that the Court did not error in overruling the defense objections to the aggravating role enhancement and organizer or leader enhancement.

Mr. Cribbs did not seek a writ of certiorari from the United States Supreme Court. He timely filed this Section 2255 motion on March 27, 2023. (ECF No. 1). The amended motion (ECF No. 4) contains four grounds for relief:

1. Attorney Donald Sappanos was ineffective because he induced me not to file [a] direct appeal.
2. Government failed to give me sentence reduction.
3. Attorney Donald Sappanos induced me not to withdraw my plea which is ineffective assistance of counsel.
4. Ineffective assistance of counsel on behalf of Donald Sappanos[.] He didn't file a motion for illegal search and seizure and jurisdiction.

(ECF No. 4).

Two possible additional arguments are contained in paragraph 13 of the Section 2255 motion form that allude to the calculation of his guideline range.

## LEGAL STANDARDS AND DISCUSSION

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid section 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 532 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). A motion to vacate under Section 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the

6

reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694*; see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

## DISCUSSION

### 1. Mr. Cribbs' New Arguments to the Guideline Calculation

The Court begins with the arguments contained in paragraph 13 of the amended motion. Mr. Cribbs argues that his criminal history score was erroneously calculated because points were added for minor infractions. Mr. Cribbs further contends that a prior drug conviction was erroneously used to increase his guideline score. These arguments are procedurally defaulted, and they are also barred by the waiver in his plea agreement. And they are without merit in any event. Taking the second contention first, the government persuasively demonstrates in its brief that Defendant correctly scored as a career offender when he was sentenced. (Gov't Br. 20 n.2, ECF No. 16, PageID.184). *Havis* and *Cardero* do not apply retroactively. *See United States v. Akridge*, 62 F.4th 258, 265 (6th Cir. 2023). Furthermore, even putting the career offender status aside Mr. Cribbs' guideline range would not change. Mr. Cribbs scored twelve criminal history points (PSR ¶ 87). This score corresponds to CHC V. With an offense level of 41, Mr. Cribbs' guideline range would still be 360 months to life, the guideline range that applied at his sentencing.

Mr. Cribbs' first argument appears to contend that the twelve points were erroneously calculated because "minor infractions" were scored. This argument is likely non-cognizable in this habeas proceeding. Beyond that, Mr. Cribbs does not specifically identify any conviction that he contends was improperly scored. To the extent that Mr. Cribbs is referring to the events taking place while he was in pretrial custody, namely actively encouraging a riot at the Newaygo County Jail, these events did not go into the official calculation of the guideline range. The Court found these actions to be alarming, for sure, but nevertheless found a basis to award a significant downward variance of five years below the bottom end of the guideline range. And Mr. Cribbs correctly scored as a career offender at the time of sentencing in any event. The Court discerns no basis for Section 2255 relief based on these arguments.

### 2. *Advice Not to Appeal*

Ground One of the Amended Motion contends that Mr. Cribbs was ineffective because he "induced" Mr. Cribbs not to appeal his Judgment. In the context of an attorney's alleged failure to file an appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). Here, however, Mr. Cribbs is not claiming that he specifically instructed his attorney to file an appeal and that his attorney refused to do so. Rather, Mr. Cribbs is claiming that his attorney gave him bad advice that deprived him of his ability to file an appeal. That bad advice, Mr. Cribbs says, is that had Mr. Cribbs filed an appeal, the government would not file a Rule 35 motion.

8

In *Neill v. United States*, 937 F.3d 671, 676-77(6th Cir. 2019), the Sixth Circuit considered how *Flores-Ortega* applied to a claim that, while counsel consulted about the appeal, he provided inaccurate information, which led the defendant to decline to appeal. The court concluded that the court would presume prejudice, as provided under *Flores-Ortega*, if the appellant could demonstrate that, but for the deficient advice, there was a reasonable probability that he would have appealed. This case does not fit neatly within *Flores-Ortega* or *Neill*, however, for one simple reason—Mr. Cribbs did, in fact, appeal. The record of the appeal, discussed above, is somewhat murky. But this much is clear: The Sixth Circuit Court of Appeals accepted a direct appeal from Mr. Cribbs, appointed counsel, and reviewed the appeal on the merits. Thus, Mr. Cribbs has already received all the relief he would be entitled to if he were to prevail on his ineffective assistance claim.

Mr. Cribbs cannot demonstrate any prejudice, furthermore, because the record belies his contentions. The government did not promise to file a Rule 35 motion (whether in the absence of an appeal or otherwise). Rather in the relevant paragraph of the plea agreement regarding sentencing reductions, it was stated that "Defendant fully understands that this paragraph <u>is not a promise</u> by the Government to file a motion for departure or to reduce a sentence[.]" (Crim. ECF No. 94, PageID.226). The government made no such promises in its sentencing memorandum either. To the contrary, the government implicitly pointed out in that document that Mr. Cribbs' own misbehavior in pretrial custody led to the discretionary decision not to move for a sentence reduction. (Crim. ECF No. 182, PageiD.1479).

For all these reasons, the Court determines that Ground One of the amended motion is without merit.

### 3. Sentence Reduction Motion

In his second ground for relief, Mr. Cribbs claims that the government failed to give him a sentence reduction motion. This argument is procedurally defaulted. It is without merit in any event. As previously discussed, the government never promised Mr. Cribbs that it would file a 5K1.1 or Rule 35 sentence reduction. There was, therefore, no breach of the plea agreement. Moreover, in the government's sentencing memorandum, the government made clear that it was Mr. Cribbs' own behavior while in pretrial custody that led to the decision not to move for a sentence reduction motion. This conclusion is reinforced by a subsequent email the AUSA sent to Mr. Cribbs' attorney following sentencing (ECF No. 12-4). Accordingly, Mr. Cribbs is not entitled to relief on Ground Two.

### 4. Failure to Withdraw Plea

In his third ground, Mr. Cribbs claims his counsel provided ineffective assistance by persuading him not to withdraw his plea. According to Mr. Cribbs, counsel told Mr. Cribbs he would not get a sentence over twenty years, which persuaded Mr. Cribbs to agree not to pursue the withdrawal motion at sentencing. The transcript of the sentencing hearing (Crim. ECF No. 231) does not track Mr. Cribbs' version of events. Moreover, Mr. Cribbs did not have a right to withdraw his plea at sentencing, therefore he cannot demonstrate any prejudice.

Under FED. R. CRIM. P. 11(d)(2)(B), a "defendant may withdraw a plea of guilty" before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." The Sixth Circuit has explained that, "[t]his rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis,* 470 F.3d 275, 280–281 (6th Cir.2006) (quoting *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991)). The movant bears the burden of

establishing that his presentence motion to withdraw his plea should be granted. *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011). In determining whether a defendant has established a "fair and just reason" to withdraw his plea, courts in the Sixth Circuit consider seven non-exhaustive factors:

> 1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). This list is not exhaustive, and no single factor is controlling.

The Magistrate Judge conducted a thorough Rule 11 plea colloquy with Mr. Cribbs. The Magistrate Judge correctly advised Movant of the possible statutory penalties he faced. Had Movant gone to trial, and lost, he faced a mandatory life sentence. Because of his plea agreement, the government released one of the convictions in the Section 851 notice, leading to a mandatory minimum of twenty years imprisonment at the time of the plea. Ultimately, because of the First Step Act, the entirety of the Section 851 Notice was withdrawn before sentencing, meaning that Mr. Cribbs faced a mandatory minimum sentence of only ten years imprisonment. His guideline range, however, was well above that. And the Magistrate Judge confirmed that no one had promised Mr. Cribbs anything beyond those written agreements in the plea agreement to get Mr. Cribbs to plead guilty. (Crim. ECF No. 100, PageID.275). None of the *Bashara* factors augured in favor of withdrawal.

For these reasons, there was no fair and just basis to withdraw the plea. This ground for relief is without merit.

### 5. *Failure to File Motion to Suppress*

In his final ground for relief, Mr. Cribbs faults his attorney for not filing a motion to suppress the traffic stop. It appears Mr. Cribbs' primary contention is that the officers who effectuated the traffic stop acted outside their geographic jurisdiction. But this is not a basis for suppression under the Fourth Amendment. *See, e.g.*, *United States v. Blair*, No. 4:21CR3155, 2022 WL 807422, at *1 (D. Neb. Mar. 17, 2022), *report and recommendation adopted,* No. 4:21-CR-3155, 2022 WL 1241924 (D. Neb. Apr. 27, 2022) (denying suppression motion raising similar claim). Accordingly, counsel was not unreasonable for failing to move to suppress on this basis.

To the extent Mr. Cribbs challenges the stop itself, he lacks standing to challenge the stop of the Milan (the vehicle where the drugs were found) because he was not an occupant or owner of the vehicle. *United States v. Elmore*, 304 F.3d 557, 560 (6th Cir. 2002) (concluding the defendant did not have standing to challenge stop of vehicle he neither owned, drove, or occupied as a passenger). But even if Mr. Cribbs did have standing to challenge the stop of the Milan, any challenge to the stop would have been without merit. Officers received a tip that Mr. Cribbs was dealing drugs and traveling to Albuquerque to resupply. A ping of his cell phone conducted under a warrant returned a location consistent with the confidential source's information. Officers also performed physical surveillance of the two cars, and observed movements consistent with drug trafficking, including the counter-surveillance techniques used by Mr. Cribbs. Officers then performed a traffic stop, and a canine returned a positive hit. This was enough to provide a basis to search the car. *See United States v. Chandler*, No. 22-1143, 2022 WL 17336092 (6th Cir. Nov. 30, 2022) (affirming court's denial of motion to suppress in case with similar facts).

For this reason, any motion to suppress would have been denied as being without merit. Counsel does not render ineffective assistance by failing to file meritless motions. Accordingly, this ground for relief is denied.

## Conclusion

For these reasons, the grounds for relief in the motion fail. The Court concludes that Mr. Cribbs' motion under Section 2255 must be dismissed.

Before Mr. Cribbs may appeal the Court's dismissal of his Section 2255 motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus, the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of Mr. Cribbs' claims debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. Mr. Cribbs' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, as amended (ECF Nos. 1, 4) is **DENIED**.

2. Movant's request for a certificate of appealability is **DENIED**.

Dated:  December 15, 2023           /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE